
RECEIVED
2/3/09
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| COLLIN ROSS BRIESE | : | DOCKET NO. 2:08-cv-1884 |
|---|---|---|
| VERSUS | : | JUDGE TRIMBLE |
| CONOCO-PHILLIPS CO., ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court are defendants' Motion to Transfer [doc. 2] and plaintiffs' Motion to Remand [doc. 12]. For the reasons stated below, the undersigned finds that the jurisdictional consideration takes primacy over the venue consideration. Further, the Motion to Remand will be GRANTED subject to the stay set forth in the accompanying order and this matter is remanded to state court.

### FACTUAL BACKGROUND

Plaintiff Briese allegedly sustained damages due to chemical exposure during parts of 1995 and 1996 and he further claims this exposure was due to the fault of defendants. In 1998, Briese filed for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Louisiana. David Adler was appointed as Trustee. Briese received a discharge on May 7, 1998, and the case was closed on May 28, 1998.

On December 10, 2004, Briese filed the instant lawsuit against defendants in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. The matter proceeded through discovery and several motions hearings. On September 16, 2008, defendants filed an Exception of No Right of

1

Action against plaintiff, claiming Briese's bankruptcy estate to be the true party in interest. A hearing took place on November 17, 2008.

As a result of the exception filed in state court and on November 17, 2008, Trustee Adler filed an ex parte motion in the bankruptcy proceeding to reopen the case and to be reappointed as Trustee since the instant lawsuit was a previously undisclosed asset of the bankruptcy estate. The case was reopened November 20, 2008. Additionally, Mr. Briese amended his state court petition on November 19, 2008 to add Trustee Adler as plaintiff to the suit.

Defendants removed the state court suit to this court on December 3, 2008 asserting jurisdiction under 28 U.S.C. § 1334(b)[1] to the District Court for the Western District of Louisiana.[2]

Defendants' Motion to Transfer [doc. 2], asserts that the removed action concerns core issues (or in the alternative "related to" issues) regarding the administration of the estate[3] and that the interests of justice and judicial economy would best be served by transferring the case to the Eastern District of Louisiana Bankruptcy Court. Also before the court is plaintiffs' Motion to Remand filed by Briese and Trustee Adler, which alleges that remand is appropriate in this case because defendants' removal is untimely pursuant to 28 U.S.C. § 1446(b). Alternatively, plaintiffs argue that this court should permissively or (alternatively) mandatorily abstain from considering this case and equitably remand it pursuant to 28 U.S.C. §§ 1334(c)(1) and (2) and 1452(a).

---

[1] This section states that with certain irrelevant exceptions, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the bankruptcy provisions of the U.S. Code] or arising in or related to cases under title 11."

[2] Although Briese's bankruptcy case was litigated in the Eastern District of Louisiana, removal to this court was proper pursuant to 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.").

[3] According to 28 U.S.C. § 157(b)(1), bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." "Core proceedings include . . . matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2).

## ANALYSIS

### A. *Jurisdiction or Venue*

The court must initially determine whether it is appropriate to consider first the plaintiffs' Motion to Remand or the defendants' Motion to Transfer. Defendants argue that a motion to transfer should be handled prior to a motion to remand. Doc. 20, at 2; Doc. 21, at 3-4. Defendants cite *Marquette Transport Co. v. Trinity Marine Products, Inc.*, 2006 WL 2349461 (E.D. La. Aug. 11, 2006) in support.

In *Marquette*, the court considered consolidated motions arising from four suits filed in the Twenty-Fifth Judicial District Court, Plaquemines Parish, Louisiana, alleging damages under a products liability theory against several defendants, including a defendant-debtor, IZ. *Marquette*, 2006 WL 2349461, *1. IZ filed for Chapter 7 bankruptcy in the Northern District of Illinois. *Id.* Shortly thereafter, two defendants removed the cases to the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1334 and 1452. *Id.* Plaintiffs in the matter moved for remand arguing that federal jurisdiction was lacking or, alternatively, that the court should abstain from considering the matter. *Id.* at *2. Subsequently, defendant Trinity filed motions to transfer the consolidated actions. *Id.*

In determining whether to consider the transfer motions or the remand motions first, the court determined that, due to the interrelatedness of the two matters, the transfer motions should be considered first. In a footnote, the court noted its reasoning:

> The parties vociferously contend that the "weight of authority" supports their position: (1) that jurisdiction must be determined before deciding the transfer motions or (2) that transfer to the bankruptcy court should occur so that the transferee court may

3

> decide the jurisdictional issue.... The Court recognizes that there is authority supporting the proposition that jurisdiction must be determined first as well as authority that it need not be determined prior to transfer. However, no cited authority is binding precedent and the posture of these consolidated cases and the pending bankruptcy, in conjunction with its possible dismissal and the reasons therefor, favor transfer to the bankruptcy court before resolving the jurisdictional issue.

*Marquette*, 2006 WL 2349461, *2, n.12 (internal citations omitted). The court concluded, "because the jurisdictional question in this matter is necessarily intertwined with the pending bankruptcy proceedings, the Court finds that first considering defendants' transfer motions will serve the interest of judicial economy and that the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction." *Id.* at *2.

Defendants in the instant case assert that the Eastern District of Louisiana is the "home court" of the bankruptcy and thus that the transfer should be granted to allow that court to decide the remand issue. Doc. 20, at 2-3. Plaintiffs counter by pointing out that Trustee Adler does not seek the "home court" and by noting that Trustee Adler and Briese have entered into a stipulation that proceeds will be distributed to the bankruptcy estate prior to distribution to Briese. Doc. 22, at 1-2. Further, because Briese's bankruptcy case was reopened solely for the administration of any proceeds realized from the instant lawsuit, no matters are or will be pending before the bankruptcy court until the conclusion of this matter. "As there is no bankruptcy issue for a bankruptcy court to resolve, given the stipulation between Mr. Briese and the Trustee, there is simply no reason to make the case more complicated and burdensome to plaintiff and the Courts by transferring it." Doc. 22, at 2.

Since the 2006 Eastern District ruling in *Marquette*, the Fifth Circuit still has not weighed in on the issue of whether a jurisdictional or venue question should be answered first. Additionally,

4

as in *Marquette*, the parties in the instant matter have cited no binding authority on the issue. It appears to this court that *Marquette* and other cases like it have applied a situation-specific approach to determining which of these matters should be determined first. *See Marshall v. Air Liquide-Big Three, Inc.*, 2007 WL 275898, *1 (E.D. La. Jan. 24, 2007) (noting "[a]s in *Marquette*, the court examines the circumstances of this particular case, and the nature of the bankruptcy proceedings," but concluding that the circumstances favored deciding the jurisdictional issue first); *Orix Finance Corp. v. Nexbank, SSB*, 2008 WL 2796069, *3 (N.D. Tex. Jul. 15, 2008) (determining that transfer of venue prior to determination of jurisdictional issues best served the interest of justice based on factors such as the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness).

Examining the circumstances of the instant case and the nature and posture of the bankruptcy proceedings, this court finds that the jurisdictional issue should be decided first. Unlike *Marquette*, bankruptcy proceedings in the instant matter have long concluded, with the exception of the administration of the proceeds from the instant lawsuit. Thus, the impact of the instant suit on the overall distribution of plaintiff Briese's estate is minimal. Further, Trustee Adler has entered into a stipulation with Briese that any proceeds from a favorable disposition of the instant lawsuit will be distributed first to the bankruptcy proceeding and has joined Briese in opposing the transfer of this matter. In fact, Trustee Adler is in favor of remand.

Finally, defendants' interest in having this matter transferred is minimal because defendants have a limited interest in the outcome of the bankruptcy proceedings. Specifically, the only issue affecting defendants is the question of to whom they will pay proceeds, Adler or Briese, which as mentioned above appears to be amicably resolved.

Although defendants cite *Marquette* as analogous, the interest of defendants in having the venue issue resolved prior to the jurisdictional issue was much greater in *Marquette* because the propriety of defendants removal pursuant to 28 U.S.C. § 1334 in the consolidated cases would be affected by the outcome of the bankruptcy court's determination of whether defendant IZ was entitled to file for bankruptcy protection. 2006 WL 2349461, at *2, n.11 ("While the propriety of dismissal is not before this Court, if the bankruptcy court determines that the IZ's bankruptcy should be dismissed because the debtor was never entitled to file for bankruptcy protection then it appears that removal jurisdiction based on the bankruptcy would not have been proper.").

### B. *Plaintiff's Motion to Remand*

Having determined that federal jurisdiction holds primacy over any question of venue in the instant matter, we next consider the issue of remand. The undersigned finds that this case should be remanded to the Fourteenth Judicial District Court.

In their Notice of Removal, defendants alleged that this court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and that removal was timely under 28 U.S.C. § 1446(b) because the Notice was filed within thirty days of defendants' receipt of the Second Amended Petition, which added Trustee Adler as a plaintiff in this matter. Doc. 1. According to 28 U.S.C. § 1334(b), subject to certain exceptions, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the bankruptcy provisions of the U.S. Code], or arising in or related to cases under title 11."

Defendants argue that jurisdiction is proper because "it will become necessary for a court to determine the extent to which the estate has an ownership interest in the lawsuit," a "core" proceeding arising under title 11. *Id.* at 4-5 (citing 28 U.S.C. § 157(b)(2)(A) ("Core proceedings

6

include . . . matters concerning the administration of the estate")). Accordingly, defendants assert that this case is removable pursuant to 28 U.S.C § 1334(b) as a matter "arising under" title 11. *Id.* Alternatively, defendants assert that the instant matter is "related to" a case under title 11, i.e. plaintiffs' bankruptcy case. *Id.* Defendants assert that a proceeding is "related to" plaintiffs' bankruptcy case because the outcome of this proceeding could have an effect on the bankruptcy estate. *Id.* at 5-6 (citing *Stoe v. Flaherty*, 436 F.3d 209, 215-16 (3d Cir. 2006)); *Patterson v. Morris*, 337 B.R. 82, 90-91 (E.D. La. 2006).

Plaintiffs, Briese and Trustee Adler, assert that this case should be remanded to the Fourteenth Judicial District Court. Plaintiffs argue that defendants' removal of this matter is untimely because defendants had notice in 2006 through deposition testimony that Briese previously filed for bankruptcy. Thus, according to plaintiffs, removal is untimely because defendants had received "other paper" in the form of deposition testimony provided by Mr. Briese in which he admitted that he had previously filed for bankruptcy protection. Alternatively, plaintiffs argue that this court should abstain from hearing this case pursuant to the provisions of 28 U.S.C. §§ 1334(c)(1) or (2). Specifically, plaintiffs argue that mandatory, or, alternatively, permissive abstention is appropriate given the posture of this matter.

1. Timeliness

According to 28 U.S.C. § 1446(b), if a case stated by an initial pleading is not removable, but defendant later receives notice "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," they may file a notice of removal.[4] As plaintiffs point out,

---

[4] According to § 1446(b), a case must be removed within 30 days of notice of removability but within one year of commencement of the action if removal is based on diversity (28 U.S.C. § 1332). Because the instant matter was

7

deposition testimony may trigger the time requirements for filing a notice of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). However, according to the Fifth Circuit, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). This "bright-line rule" promotes judicial economy by reducing protective removals by defendants faced with an "equivocal record." *Id.* at 212.

We do not find that Briese's 2006 deposition testimony in which he testified that he filed for bankruptcy in 1998 presents a "clear and certain" basis for removal. It is not clear on this basis alone that the instant matter arises under title 11, or arises in or is related to Briese's bankruptcy case. *See* 28 U.S.C. § 1334(b). We find that Briese's amended petition adding Trustee Adler as a co-plaintiff for the first time made it unequivocally clear that this case could be removed under 28 U.S.C. § 1334(b). Accordingly, the undersigned rejects plaintiffs' timeliness argument.

2. Abstention

Plaintiffs also argue that remand is appropriate on the basis of permissive or mandatory abstention under 28 U.S.C. § 1334(c) (1) or (2).

According to 28 U.S.C. § 1334(c)(2), pertaining to mandatory abstention:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

---

removed on the basis of 28 U.S.C. § 1334 and not diversity, the 30 day deadline applies, but the one year cutoff does not.

This section mandates federal court abstention where (1) "'[t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.'" *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (citing *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir. 1997)).

Mandatory abstention is not called for in this matter as Briese could have filed this action in federal court on the basis of diversity as an independent basis of federal jurisdiction.[5] Plaintiff Briese, the only plaintiff in the original petition, is a citizen of the State of California, but no defendant is a citizen of that state. Doc. 1-1. Further, plaintiffs concede that diversity was a grounds for federal jurisdiction at the time the case was filed. Doc. 22, at 5. Plaintiffs suggest the existence of diversity jurisdiction should have no bearing in this case as defendants would be estopped from making this argument because of an agreement between the parties that defendants would not remove the case based on diversity. *Id.* at 5-6. The agreement between the parties does not speak to whether the action *could have been commenced* in a federal court absent bankruptcy jurisdiction, just that they agreed at inception it would not be removed. 28 U.S.C. § 1334(c)(2); *In re TXNB Internal Case*, 483 F.3d at 300. Because the action could have been commenced in federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction, mandatory abstention is inapplicable to this matter.

When 28 U.S.C. § 1334(c)(2) does not mandate abstention, 28 U.S.C. § 1334(c)(1) nevertheless permits a federal court to abstain from hearing state law claims "in the interest of

---

[5] Plaintiff Briese is a citizen of California, a state of which no defendant is a citizen. Doc. 21. Plaintiffs concede that this case was initially removable on the basis of diversity. Doc. 22. Diversity jurisdiction cannot serve as a basis for this court's jurisdiction in this case because defendants failed to remove within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b). Nevertheless, diversity jurisdiction does exist.

9

justice, or in the interest of comity with State courts or respect for State law" if that proceeding arises under title 11 or arises in or is related to a case under title 11. Although defendants cite a Pennsylvania Bankruptcy Court decision for the premise that "permissive abstention is not favored" [doc. 21, at 15-16 (citing *In re Bowler*, 2008 WL 4905524 (Bankr. M.D. Pa. Oct. 14, 2008))], in the Fifth Circuit, "courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case")); *Trahan v. Devon Energy Prod. Co.*, 2009 WL 56911, at *5 (W.D. La. Jan. 06, 2009); *Ford Motor Credit Co. v. AA Plumbing, Inc.*, 2000 WL 1059858, *3 (E.D. La. Aug. 2, 2000). "A court . . . may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require." *Matter of Gober*, 100 F.3d at 1206. Further, "[t]he decision to abstain or not to abstain is committed to the discretion of the district court, and [the appeal court] will affirm unless the court clearly abused its discretion." *Id.* at 1207 (citing *Howe v. Vaughan (In re Howe)*, 913 F.2d 1138, 1143 & n. 6 (5th Cir. 1990)).

When a court decides to remand a case in conjunction with permissive abstention, it may rely on 28 U.S.C. § 1452(b) to do so. *Patterson v. Morris*, 337 B.R. 82, 96 (E.D. La. Jan. 25, 2006). Section 1452(b) provides that if an action is removed on the basis of 28 U.S.C. § 1452(a) (as this case was), "the court . . . may remand such claim or cause of action on any equitable

ground." It is evident by the language of this section and recognized in this Circuit that "the equity standard governing remand under § 1452(b) provides the Court with a 'much broader range of discretion in deciding whether to remand than the technical requirements of § 1447(c),'" the general removal statute. *Patterson*, 337 B.R. at 91 (quoting *In re Ciclon Negro, Inc.*, 260 B.R. 832, 835 (S.D. Tex. 2001)); *see also Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir.1984) ("Under § 1478(b) [the same language predecessor to § 1452(b)], a bankruptcy court has broad discretion to grant or deny a motion to remand a removed claim on any equitable ground . . . .").

The considerations of whether to exercise discretionary abstention or to remand are the same. *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D. La. 1990). Both "favor comity and the resolution of state law questions by state courts"; and they produce the same result. *Patterson*, 337 B.R. at 91. In *Browning v. Navarro*, 743 F.2d 1069 (5th Cir.1984), the Fifth Circuit identified several factors that a court may consider when deciding whether equitable remand is warranted. These are:

> (1) forum non conveniens;
> (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court;
> (3) whether a state court is better able to respond to questions involving state law;
> (4) the expertise of a particular court;
> (5) duplicative and uneconomic effort of judicial resources in two forums;
> (6) prejudice to the involuntary removed parties;
> (7) comity considerations; and,
> (8) a lessened possibility of an inconsistent result.

*Browning*, 743 F.2d at 1077, n.21. The court noted that these factors are not exclusive. *Id.*

In the Fifth Circuit's *Gober* case the court considered similar factors in determining that a district court did not abuse its discretion by exercising permissive abstention. In that case, a debtor

11

(Gober) asserted that the bankruptcy court and district court abused their discretion when they abstained from considering certain state law claims made against a creditor (Terra). *Matter of Gober*, 100 F.3d at 1206. The source of the debt owed to Terra was a judgment entered against Gober in an underlying civil action governed by Texas law. *Id.* at 1199, 1206. The state law claims Gober asserted were claims that he had previously asserted as counterclaims in the underlying suit regarding credits and offsets Gober claimed against the debt. *Id.* at 1206.

The Fifth Circuit determined that under the doctrine of permissive abstention, the district court and bankruptcy court did not abuse their discretion when they abstained from considering plaintiff's state law arguments. *Id.* Noting that the federal bankruptcy question had been resolved,[6] the appeal court found no abuse of discretion because: "Gober's claims hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law. Gober's claims exist wholly outside of bankruptcy-indeed, Gober asserted them in state court almost a decade before he filed his bankruptcy petition. Furthermore, there is no basis for federal jurisdiction of Gober's claims other than § 1334." *Id.*

The undersigned finds that the factors identified weigh against retaining jurisdiction of this matter. Thus, permissive abstention and equitable remand are warranted. First, it is evident that extensive proceedings have taken place in state court. *See* Doc. 19.[7] Judicial economy is best served by allowing this matter to proceed to trial in that forum as the court may avoid the "duplicative and uneconomic effort of judicial resources in two forums." *Browning*, 743 F.2d at 1077, n.21.[8] Further, the court finds that plaintiffs will suffer significant prejudice if defendants are

---

[6] Namely, the federal bankruptcy question was whether the state court proceedings against Gober had a "preclusive effect in a subsequent bankruptcy proceeding to determine the dischargeability of the debt." *Matter of Gober*, 100 F.3d at 1206.
[7] Document 19 contains the state court record submitted by defendants in response to the removal order.
[8] Once this matter has concluded in state court, the bankruptcy court may determine the allocation of any funds

allowed to remove this proceeding, which is grounded in state law and which has timely proceeded toward trial in state court. The court declines to allow defendants to now deprive plaintiffs of their choice of forum when no factor militates in favor of retaining bankruptcy jurisdiction. Finally, plaintiffs point out that they seek an application of certain exceptions to prescription based on a latent effect theory that has not been considered in cases involving Briese's particular exposure (ethylene dichloride, EDC). Doc. 13, at 18. Plaintiffs also note that many EDC exposure cases are proceeding together through state court. Both of these factors favor remand.

Defendants argue against permissive abstention, asserting that the core issue of "the divisibility of a lawsuit between portions capable of being separately owned and asserted by a debtor and bankruptcy trustee" outweighs any issues of state law. Doc. 21, at 17. However, despite defendants' assertions otherwise, the stipulation entered into between plaintiff and the bankruptcy trustee appears to have resolved that issue. Plaintiff Briese and Trustee Adler, as co-plaintiffs, represent to the court that they have entered into a stipulation under which the bankruptcy estate will receive the first of any moneys received. Doc. 13, at 14 (citing Doc. 13-1, Exh. 8). Because Trustee Adler, as representative of the bankruptcy estate entered into this agreement and seeks remand, the court does not find that any true issue as to the administration of the estate exists. Thus, the court finds that no core issue truly predominates and that comity favors remand.

Under the principles of permissive abstention (28 U.S.C. § 1334(c)(1)) and equitable remand (28 U.S.C. § 1452(b)), the court abstains from considering the issues removed by defendants and further remands these proceedings to state court.

## CONCLUSION

---

received as a result. Since this is the only matter that is pending in the bankruptcy case, the bankruptcy estate is not prejudiced by this result.

Based on the foregoing, the Motion to Remand [doc. 12] will be **GRANTED,** subject to the stay set forth in the accompanying order, and this lawsuit will be remanded to state court. Accordingly, the Motion to Transfer [doc. 2] is **MOOT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on February 3, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE