RECEIVED
IN LAKE CHARLES, LA
MAR 2 5 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| COLLIN ROSS BRIESE, ET AL. | CIVIL ACTION NO. 08-1884 |
|---|---|
| versus | JUDGE TRIMBLE |
| CONOCO-PHILLIPS CO., ET AL. | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is defendants' appeal[1] of the memorandum order granting plaintiffs' motion for remand[2] and denying defendants' motion for transfer as moot,[3] which was issued by the magistrate judge on February 3, 2009.[4] Defendants allege that the magistrate's findings were clearly erroneous and contrary to law on the basis that such findings neglected to give the proper weight to existing core bankruptcy issues which they feel are only properly addressed by a federal district or, preferably, a federal bankruptcy court. As a result, defendants also allege that the magistrate judge erred in refusing to consider their motion for transfer before determining jurisdictional issues. Defendants seek reversal of the magistrate judge's order.

Plaintiffs contest these arguments by defendants and assert that the findings of the

---

[1] R. 31.

[2] R. 12.

[3] R. 2.

[4] R. 29.

1

magistrate judge are proper because, as explained in the order at issue, no core bankruptcy issues remain and, if such issues remain, they are inconsequential by virtue of a stipulation reached by plaintiff Briese and the trustee of his estate in bankruptcy — Alder. Plaintiffs point out that Alder himself is satisfied that no such core issues remain and that he supports remand to the Louisiana state court. Plaintiffs further argue that the only prejudice which can be shown in this case would fall upon plaintiff if he were forced to, as defendants suggest, bifurcate his suit and try a portion before the bankruptcy court and any remaining claims before a Louisiana state court.

A federal judge may refer to a magistrate judge, with enumerated exceptions, any pretrial matter pending before him.[5] Parties who object to any finding by the magistrate judge may file written objections thereto within ten (10) days of the issuance of the order in question.[6] The district judge shall modify only such portions of the magistrate judge's order which he finds to be clearly erroneous or contrary to law.[7] In making this determination, the district judge may not consider arguments not previously heard by the magistrate judge on the original referred motion.[8]

The court has considered the law and argument advanced by the parties and finds that the order of remand is proper under the facts of this case. Defendants have failed to demonstrate that any bankruptcy issues which may remain require transfer. This court agrees with the magistrate judge's conclusion that any federal law questions which might remain after any judgment is entered in plaintiff's favor may efficiently be litigated by the bankruptcy court after the state

---

[5] 28 U.S.C. § 636(b)(1)(A).

[6] Fed. R. Civ. P. 72(a).

[7] Id.

[8] 8 Fed. Proc., L. Ed. § 20:205.

court adjudicates the underlying tort claims. Given that the state law issue of accrual of cause of action must be determined before the federal question of bankruptcy estate ownership can be addressed, we find that remand is entirely appropriate.[9] Moreover, Fed. R. Civ. P. 25(c) allows a court to join a trustee as a plaintiff in an action in lieu of substituting him for the debtor as the sole plaintiff, negating defendants' argument that the debtor may not bring his cause of action for pre-petition tort recovery as co-plaintiff with the trustee.[10] Therefore, defendants argument that there is a predominating issue concerning who the proper party in interest is fails.

When these legal issues are paired with considerations of plaintiff's choice of forum and potential prejudice which arguably might result from immediate transfer to bankruptcy court, it is apparent to the court that ample authority exists to support the decision of the magistrate judge and, accordingly, it is not clearly erroneous or contrary to law. Therefore, the order of remand at issue should be and is hereby **AFFIRMED**. Defendants' appeal is therefore **DENIED**.

The court directs that plaintiff's suit be remanded in accordance with the order of remand issued by the magistrate judge in this matter.

**THUS DONE AND SIGNED** in chambers at Lake Charles, Louisiana this 15th day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] In re Segerstrom, 247 F.3d 218, 223-24 (5th Cir. 2001) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 (1983) and Butner v. United States, 440 U.S. 48, 55 (1979)).

[10] West v. Giancontieri, 1997 WL 816296 at *1 (E.D. La. 1/13/1997)(citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1958).